# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

_____ Division

**FILED**
**SEP 1 8 2024**
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N.C.
By_____

| | |
|---|---|
| Bobbie F. Walls, Jr. | Case No. _____ |
| _____ | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | |
| City of Greensboro, et al., | |
| _____ | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

I.      **The Parties to This Complaint**

      A.      **The Plaintiff(s)**

            Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Bobbie F. Walls, Jr. |
| All other names by which you have been known: | |
| ID Number | |
| Current Institution | |
| Address | 201 S.Edgeworth St. |
| | Greensboro      N.C.      27401 |
| | *City*        *State*        *Zip Code* |

      B.      **The Defendant(s)**

            Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

            Defendant No. 1

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | *City*        *State*        *Zip Code* |

                 ☒ Individual capacity     ☒ Official capacity

            Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | *City*        *State*        *Zip Code* |

                 ☒ Individual capacity     ☒ Official capacity

Case 1:24-cv-00807-CCE-LPA   Document 2   Filed 09/18/24   Page 2 of 31

Defendant No. 3
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

| | *City* | *State* | *Zip Code* |
|---|---|---|---|

☒ Individual capacity   ☒ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

| | *City* | *State* | *Zip Code* |
|---|---|---|---|

☒ Individual capacity   ☒ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. Violation of N.C. Const.

2. 4th Amend. Rights and 14th Amend. Right of the U.S. Const.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Case 1:24-cv-00807-CCE-LPA   Document 2   Filed 09/18/24   Page 3 of 31

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

(see. Attachment)

all defendant(s) acted at all times under the color of state law.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☒ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See attachment

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

N/A

C.     What date and approximate time did the events giving rise to your claim(s) occur?

9/29/2023

D.     What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

(See attachment; pg. 3-7)

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(See attachment; pg. 8-14, Sec. A-E)

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

(See attachment; pg. 14-17)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

N/A

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

N/A

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

N/A

2.  What did you claim in your grievance?

N/A

3.  What was the result, if any?

N/A

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F.      If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

_None of my claims or injuries happen in jail or prison_

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_N/A_

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_N/A_

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_N/A_

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☐ No

B.      If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)  _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)    N/A

   Defendant(s)    N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition    N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/15/2024

Signature of Plaintiff: Bobbie f Walls Jr

Printed Name of Plaintiff: Bobbie f Walls Jr

Prison Identification #: 506176

Prison Address: 201 E. Edgeworth St

Greensboro N.C. 27401

|  | City | State | Zip Code |

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Address: _____

|  | City | State | Zip Code |

Telephone Number: _____

E-mail Address: _____

# UNITED STATES DISTRICT COURT
## for the
# MIDDLE DISTRICT of NORTH CAROLINA

Case # ▓▓▓▓▓▓▓▓

Honorable Judge Eagles

BOBBIE F. WALLS,
      Plaintiff,

    V.

CITY OF GREENSBORO,
DET. J.C. PAYNE,
DET. M.P. O'HAL,
DET. A.J. SMITH,
DET. G.H. WILDE,
DET. K.A. DENNY,
DET. R.L. ARMSTRONG,
OFC. WALKER,
OFC. TYLER,
OFC. HOOKER, Defendant(s).

CIVIL RIGHTS COMPLAINT

## Intro

This is a civil rights action filed by Bobbie F. Walls, a detainee in Guilford County Jail-Greensboro for damages under 42 U.S.C. §1983, alleging Unlawful Seizure, Fabrication of Evidence, Stigma-plus, Bystander liability and Monell in violation of fourth, Eighth, and fourteenth Amendment of the U.S. Const. Plaintiff also allege the torts of false arrest + Imprisonment, Obstruction of Justice, defamation Per Se.

1

## Jurisdiction

1. The Court has jurisdiction over the plaintiff's Claims of Violation of federal Constitutional rights under 42 U.S.C. §§1931(1) and 1343.

2. The Court has supplemental jurisdiction over the plaintiff's State law tort claims under 28 U.S.C. §1367.

## Parties

3. Bobbie Frederick Walls, Detainee at Guilford County Jail-Greensboro; 201 S. Edgeworth Street; Greensboro, N.C. 27401. Is Plaintiff.

4. CITY OF GREENSBORO, Defendant, 300 W. Washington St.; Greensboro, N.C. 27401. Sued in it's Official Capacity.

5. Detective Supervisor A.J. Smith, Detective J.C. Payne, Detective M.P. O'Hal, Ofc. G.H. Wilde, Other Unknown Detective(s), and Unknown Ofc.(s), all Defendant(s) and all are Employed with Greensboro Police Department; 100 E. Police Plaza; Greenboro, N.C. 27402, all sued in their Individual and Official Capacities, + K.A. Denny.

6. All defendant(s) acted and Continue to act under the color of state law and the authority given to them at all times relevant to this Complaint.

2

## Facts

7. On Sept. 29, 2023, Detectives with Greensboro Police Violent Crime Reduction Team C (VCRT) were conducting a follow-up investigation(s) into a Shooting incident Case #20230927157 and a discharging of firearm Case# 2023 0927160.

8. In Case(s) #20230927157-160, Eyewitness(es) and Officer Hooker (Hooker) Identified the Suspected Vehicle and the Suspect.

9. In Case# 20230927157, where Mr. Edward Shealy's Co-worker Mr. Terry Hamlett was shot in the leg. Mr. Shealy gave a statement to Ofc. Hooker that he "saw a black Cadillac Escalade".

10. In Case# 20230927157, Ofc. Hooker while reviewing the Security footage at Greensboro Nissan, he Observed "a black Cadillac Escalade" swerve into the left lane to ~~and~~ avoid crashing into Mr. Hamlett.

11. Hooker was informed by other Detectives and Officer on the scene of "6006 Landmark Center Blvd." case# 2023 0927160 that it appeared to them that the same "Black Cadillac Escalade" was involed in discharging a firearm.

3

## Facts (cont.)

12. In Case# 20230927160 and during it's investigation on Sept. 27, 2023, at or around 1450 hours, Det. R.L. Armstrong interviewed Mr. Norris Brady (Eyewitness) and Mr. Brady Stated, "That he saw the black SUV, traveling east on Landmark Center toward Stanly rd., slow down and stop lean out the driver side window and fire 5 to 6 shots" and that, "the driver of the black SUV was a "black male", "late 20's", "with long dreads (maybe shoulder length)".

13. Plaintiff Bobbie F. Walls is a Black male, Early 40's, Bald headed, and full beard with gray patches.

14. Plaintiff does drive a Black Cadillac SRX, Which is Smaller than an Cadillac Escalade.

15. On Sept. 29, 2023, Plaintiff was pulled over while picking up a friend at the Hotel. Officer(s) said plaintiff was Stopped for Driving w/ no License, fictitious tags and no financial responsibilities on Vehicle.

16. Officer(s) / Detective(s) also stated plaintiff vehicle was involved in a shooting.

17. Officer(s) / Detective(s) also accused plaintiff of living on 1012 Fir Pl.

4

facts (cont.)

18. Defendant(s) Det. Wilde and Det. O'Hal, took plaintiff to Swing Rd, and locked him in the interview room

19. While in the Interview room Detective told plaintiff "We know # you sell drugs out your Brother's house", "a C.I. told us". After plaintiff informed them that he did not live there, and did not sell drugs.

20. Detective(s) Defendant(s) held plaintiff at Swing rd. locked in a interview room for 5 hours approx. Plaintiff was never cited, ticketed or arrested for any traffick violation(s); never questioned about his location on 9/27/2023 or the location of a firearm.

21. Defendant Detective(s) only Stated "they saw plaintiff leaving 1012 Fir Place and will any drugs be found there?". Showing No interest in anything but "Searching 1012 Fir Place" for drugs.

22. Defendant(s) Detective(s) after detaining plaintiff for hours arrested him on 9/29/23 only on Gun and Drug Charges, based on guns and drugs found in Someone else's home.

23. On 9/29/23, Det. J.C. Payne Sought and received a Search warrant from Magistrate Mills, failing to inform the Magistrate that the actual Suspect description was not Mr. Walls and the Vehicle was a Cadillac Escalade and that Mr. Walls

5

# Facts (cont.)

residence is/was 502 Woodlake dr Greensboro N.C. 27406

24. Det. J.C. Payne swore to Magistrate that:
   ① The suspect vehicle was a black Cadillac SRX 2018-19,
   ② The driver of a Black Cadillac SRX discharged a firearm,
   ③ A Confidential informant named Mr. Walls as selling and storing narcotics at 1012 Fir Place,
   ④ 1012 Fir Place is Mr. Walls residence, was all VERIFIED.

25. Det. J.C. Payne knew Mr. Walls was not the driver of a "Black SUV" on Sept. 27, 2023, and never made any assertions that he was in his report(s) and affidavit.

26. On Oct. 13, 2023, 17 to 18 day after arresting Mr. Walls on Drug and gun Charges, ~~Det. Payne Charged him with~~ K.A. Denny charged him with Possession of Firearm by Felon (from 9/27/2023); Go Armed to terror of People (2) two counts (from 9/27/2023); Injury to Personal Property (2) two counts (from 9/27/2023); Discharging weapon into Occupied Property inflicting Serious body Injury (from 9/27/2023); Assault with a Dangerous Weapon inflicting Serious injury (from 9/27/2023); Discharge Firearm in City (from 9/27/2023)

6

## facts (cont.)

27. On Oct. 13, 2023, Detective/Officer K.A. Denny Swore out and arrest warrant for Offenses named in #26 above and Under oath named Mr. Edward Oneal Shealy as a Witness to these offenses, identifying Mr. Walls as the Offender.

28. Mr. Edward Oneal Shealy according to reports and his own account, "Was never anywhere around 6006 Landmark Center Blvd. to Witness ANYONE discharge a Firearm".

29. Mr. Shealy in the 3900 W. Wendover incident did not know Mr. Hamlett was shot until, Mr. Hamlett called him a told him. Because he was driving ahead of Mr. Hamlett.

30. Officer(s) was dispatched to "6006 Landmark" @ 1525 hrs Ofc. Ozment arrived a 1535 hrs.
      Officer Tyler was dispatched to "3900 W. Wendover" @ 1528 hrs and he arrived at 1546 hrs, but he reported 1450 hrs.


I, Bobbie Frederick Walls, do' hereby declare under the penalty of perjury that all "Facts" stated herein is supported by Officer(s) and/or Detective(s) report(s) and Affidavit(s) and will be used as direct/inderect evidence at Trial.

Date: _____

Bobbie f. Walls #506176
201 S. Edgeworth St.
Greensboro, N.C. 27401

7

## A. False Arrest/Detention

### I

31. On Sept. 29, 2023, Defendant(s) the City of Greensboro (the City), Detective Wilde (Wilde) and Detective O'Hal (O'Hal), did seize and detain plaintiff. Without Probable Cause or Reasonable Suspicion in violation of plaintiff's fourth Amendment right to be free from unlawful Seizures.

Defendant(s) Claimed plaintiff's Vehicle was used in a Shooting and Someone was shot. After defendant(s) searched plaintiff and vehicle and found no evidence of any illegal activity (other than traffick violation(s)), defendant(s) transported plaintiff to Swing Rd. Substation locked plaintiff in a interview room, While defendant Payne (Payne) sought a search warrant for a house they saw Plaintiff leave from (his brother's residence).

The traffick stop was not unreasonable plaintiff was driving under a Suspended license, however defendant(s) ~~beyt~~ prolonged the stop beyond a mere traffick violation falsely stating his vehicle was used in a shooting, and falsely imprisoned him in a locked interview room, so they can search 1012 Fir Place for drugs.

Defendant(s) knew they lacked probable Cause and reasonable Suspicion because based on current Information Plaintiff, nor his vehicle was Sighted at either scene according to witnesses.

Plaintiff was arrest formally after "1012 Fir Place" was searched and drugs was found (5) five to (7) seven hours later.

### II

32. On Oct. 13, 2023, Detective K.A. Denny, knowingly and Intentionally or with a reckless disregard for the truth, give false oral testimony to

8

Magistrate Hassan for want of probable Cause, tainting magistrate's probable Cause determination.

Defendant Denny testified falsely before the Magistrate Stating "Upon Information and Belief", that he had an Eyewitness to testify that (plaintiff) Bobbie F. Walls was the Shooter in the incident at 3900 W. Wendover [20230927157] and incident 6006 Landmark [20230927160], an Named Mr. Edward Oneal Shealy as that witness.

This statement was known by defendant Denny to be false because his alleged witness Mr. Shealy was never on 6006 Landmark Center Blvd. and never told Officer(s)/detective(s) he was. An Mr. Shealy at all times departing the Greensboro Auction, he was traveling ahead of Mr. Hamlett and did not know Mr. Hamlett was shot until he called him and he was only able to identify the Vehicle as a "Black Cadillac Escalade" with a 100% certainty.

Mr. Norris Brady the only Eyewitness at the 6006 Landmark incident and the only person who saw the driver, identified the driver as a "Black male, Late 20's, Long dreads to his shoulder."

These statement(s) and Omission(s) are material to the Identity of the shooter and possibly his vehicle and exculpatory to plaintiff because it eliminated him as a Suspect. Making said false testimony and Omissions to Magistrate misleading, altering his independant determination of Probable Cause.

9

The City is vicariouly liable for state torts False Arrest, False Imprisonment and violation of the North Carolina Constitution, by it's officer(s) in their official capasities.

<u>III</u>

33. On Sept. 29, 2023, Defendant Detective J.C. Payne (payne), knowingly and Intentionally or with a reckless disregard for the truth, make false statement(s) in his affidavit in support of his application for Search warrant for 1012 Fir Place and/or Omitt fact(s) from the affidavit making it misleading.

    Payne sought the search warrant knowing that probable cause did not exist to believe or/and that reasonable grounds did not exist to suspect that plaintiff committed "any shooting in relations to 20230927157-160 on Sept. 27, 2023" or "was in possession or sold large amounts of Narcotics" or "possessed a firearm". The fabricated and Omitted statements were material to Payne receiving the search warrant to search 1012 Fir Place, and that No reasonable officer/detective would have believed the <u>true</u> facts provided sufficient grounds for Search Warrant

    False statement(s) and Omission stated in <u>A. II. 32.</u> herein

    The City defendant is Vicariously liable for State torts defamation per Se, for the actions of it's officer(s) in their official capasities.

B. Fabrication of Evidence,
   Common Law Obstruction
   of Justice and Fraud

## I.

34. The defendant(s), the City, Denny, O'Hal, Smith,
Payne, Tyler, Walker, Wilde, Hooker and Armstrong,
did Obstruct Justice by fabricating false and/or
mislead information stated or Omitted from Search
warrant affidavit and police reports, to gain
probable cause and create a nexus to Search 1012
fir pl.

a. Officers was dispatched to 6006 landmark
Center Blvd for a discharge firearm call at 15:25
alleged plaintiff black 2008 SRX was in the
area around 14:42:16.
   An Officers was dispatched to Greensboro
nissan at 15:28, for an agg-ass shooting.
   In a attempt to place plaintiffs vehicle or
what they believe to be plaintiffs vehicle, at or
around these shootings, Ofc. and/or Detective,
Armstrong, Walker, Hooker, and Tyler, altered the
dispatch time to 1450hr. Which is 6 minutes from
the time plaintiff's alleged vehicle is seen on Flock.

This alteration was done to their police(s) report(s) and/or affidavit.

b. Defendant Payne Omitted from his affidavit supporting his search warrant request, the true discription of suspect vehicle and suspected shooter at the landmark center blvd. incident and suspect vehicle of the Greensboro Nissan incident. Which was a Cadillac Escalade and the shooter + driver was a "black male, with shoulder length dreads, in his late twenties".

c. Misrepresented the ability of the Flock and fleet LPR camera(s). The Cadillac SRX driven by Mr. Walls on 9/10, 9/21, and 9/29, had unregistered paper tags, so if it was ran through any system it would not show a address of 1012 fir place or Mr. Walls Name.

Detective(s) did not utilize(d) Flock and fleet database to establish Mr. Walls as the driver of a black Cadillac SUV used in the two (2) shooting(s), or to identify the suspect vehicle as a Cadillac SRX, three witnesses identified the vehicle as a Cadillac Escalade and the driver and shooter as a black male with shoulder length dreads in his late 20's.

d. Defendant Payne Omitted from his affidavit that DMV records list Mr. Walls last known address as "502 woodlake dr., GSO, N.C. 27406"

And falsely stating, "it was verified that 1012 fir Pl. is Mr. Walls address", when Det. Payne knew for a fact it was not.

E. Defendant Payne Omitted from the affidavit that No Guns, No Bullet(s), No Bullet hole(s), or Drugs or Drug paraphernalia, was found in the car or anything that would make Defendant think evidence of a crime would be found at 1012 fir place.

Defendant Denny testified under oath to Magistrate, falsely stating "he had a Eye witness (Mr. Shealy), who saw Mr. Walls Shoot Mr. Hamlett in the leg". Denny Knew this statement was false, because Mr. Shealy had alread informed Hooker that "he did not know Mr. Hamlett was shot until he called him on the cellphone" and that "he did not see anything". Denny made these false statement(s) to the Magistrate for want of probable Cause to arrest Mr. Walls for the shooting(s) and justify the Search of 1012 fir place.

Defendant Smith falsely and willfully stated in his report that he, "research Walls and determined he had a address of 1012 fir place, Greensboro, N.C. 27407", Mr. Walls address at all times relevent is "502 woodlake dr., GSO, N.C. 27406" so Smith lied.

The affect of all Officer(s) and Detective(s) action together in the fabrication of Evidence, did deprive Mr. Walls of his liberty for a year, and continued detention.

## C. Stigma-Plus and defamation per se

35. The City, Denny and Payne, all defendant(s) herein, deliberately, willfully, and without cause, impute Criminal behavior to Plaintiff (Mr. Walls) falsely.

Defendant Denny did publish False information to the Magistrate intentionally imputing Criminal behavior on Mr. Walls, telling her/him that Mr. Walls shot Mr. Hamlett on 9/27. Resulting in the Magistrate issuing a warrant for Mr. Walls arrest and Justifying Officer(s) [illegal] entry into 1012 fir pl. and charging Mr. Walls with what was found in that Residence.

Defendant Payne did as stated herein publish false information to the Magistrate intended to misled the magistrate, implying that Mr. Walls is responsible for two shooting(s), which led to one person begin shot. Resulting in Mr. Walls arrest and detention

Defendant Denny did publish information to news + record that was false and falsely imputed Criminal behavior about plaintiff to the Magistrate Causing unconstitutional arrest and detention.

Defendant Payne did publish information to news + Record that was false and falsely imputed Criminal behavior about plaintiff to the Magistrate Causing an unconstitutional arrest and detention.

Defendant the City is vicariously liable for the Constitutional violations and state torts, of their Officer(s) acting in their official Capacities.

## D. Bystander liabilities

36. Defendant(s) the City, Payne, Smith, O'Hal, Wilde, Denny, Armstrong, Walker, Hooker and Tyler, all was present on the Scene, Authored report(s) and taylored their report(s) to Coroborate with informatin they needed to; fabricate a Crime to falsely Charge plaintiff, each officer and/or detective had the power and duty to be truthful, which would have prevented Payne from Unconstitutionally arresting, and detaining plaintiff but choose not to act.

## E. Monell Claim

37.   Defendant the City, is liable because the Constitutional Injuries alleged in Counts A, B, C and D, was committed by city police officer(s), were approved or ratified by City Officials with final policymaking authority for the City, and were the results of city ~~pls~~ policies adopted by those city officials.

## Claim(s) for Relief

38.   Defendant(s) the City, Wilde, O'Hal, Payne, and Denny in arresting, detaining (before the legal process), and the continued detention (after a legal process) of plaintiff without Probable Cause or Reasonable Suspicion Constituted unlawful Seizure in violation of the fourth and Fourteenth Amendment of the United State Constitution.

39.   The actions of defendant(s) the City, Wilde, O'Hal, Payne, and Denny in arresting and the continued detention of plaintiff Constituted the State tort of false arrest and false imprisonment under the law of North Carolina.

40.   Defendant(s) the City, Wilde, O'Hal, Payne, and Denny Jointly with Smith, Tyler, Walker, Hooker, and Armstrong through false statements and material omissions did knowingly and Intentionally fabricate evidence of a Crime and cause

plaintiff to be deprived of his liberty in Violation of the
fourteenth Amendment of the United States Constitution.

41. The actions of defendant(s) the City, Wilde, Smith, Tyler,
Armstrong, Walker, Payne, O'hal, Denny and Hooker in Fabricating,
imped, prevent or hinder public or Legal Justice Constitute the
State tort of Obstruction of Justice under the law of North
Carolina.

42. Defendants the City, Payne, and Denny in publishing
or disseminating Stigmatizing or damaging information
about plaintiff and causing the deprivation of his liberty
Constitutes Stigma-plus in violation of the fourteenth Amendment
of the United States Constitution.

43. The actions of defendant(s) the City, Payne and Denny
in imputing Criminal behavior on plaintiff that was false
Constitutes the the state tort of defamation perse under the law of
North Carolina.

44. Defendant(s) the City, Payne, Smith, O'hal, Wilde, Denny, Walker,
Armstrong, Hooker and Tyler in failing to intervene to prevent
Constitutional violation(s) Constitutes Bystander liability in
Violation of the (8th) Eighth Amendment of the United States
Constitution.

17

45. Defendant the City's approval or ratification of the constitutional violation(s) of it's police officer(s) and failure to create policies to prevent the "go-along-to-get-along" culture practiced by them constitutes deliberate indifference toward citizen's safety in violation of the Eighth Amendment to the United States Constitution.

## Relief Requested

Wherefore, plaintiff request that the court grant the following relief:

a. Award Compensatory damages in the following amount(s):
   1. $1,000,000.00 Jointly and severally against defendant(s) the City, Wilde, O'hal, Payne and Denny for the false arrest and emotional injuries as a result of the false imprisonment.

   2. $1,000,000.00 Jointly and severally against defendant(s) the City, Wilde, O'hal, Payne, Denny, Hooker, Tyler, Walker, Smith and Armstrong for the physical and emotional injuries, deprivation of liberty and amenity resulting from their denial of due process protected rights in connection with their fabrication of evidence.

3. $1,000,000.00 Jointly and severalty against defendant(s) the City, Denny and Payne for the physical and emotional injuries sustained from the stigma and reputational damage and loss of liberty.

4. $500,000.00 Jointly and severally against defendant(s) the City, Denny, Payne, Hooker, Armstrong, Smith, Tyler, O'hal, Walker and Wilde for the physical and emotional injuries sustained from the failure to intervene.

5. $5,000,000.00 severally against defendant the City for the Constitutional violations of it's Agents.

b. Award punitive damages in the following amount(s):

1. $500,000.00 each against defendant(s) Payne, Denny, O'hal and Wilde.

2. $1,000,000.00 each against defendant(s) The City, Denny, Payne, O'hal, Wilde, Walker, Hooker, Tyler, Smith and Armstrong.

C. Grant such other relief as it may appear that plaintiff is entitled.

Date: 9/15/2024


Respectfully Submitted,
Bobbie F. Walls
Bobbie F. Walls # 506176
201 S. Edgeworth St.
Greensboro, N.C. 27401